

**SO ORDERED.**

**SIGNED this 29 day of November, 2007.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 07-10787-JDW |
| CHAD VINCENT COX and | ) | |
| DENISE LYNETTE COX, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtors:   Jeanie K. Tupper
               1205 Dawson Road
               Albany, Georgia 31707

**MEMORANDUM OPINION**

This matter comes before the Court on Debtors' Motion for Exemption From Financial Management. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtors Chad and Denise Cox filed a joint Chapter 7 petition on June 29, 2007. Shortly thereafter, Mr. Cox was incarcerated and began serving a 7-year sentence. Ms. Cox completed a financial management course on September 13, 2007, as required to receive a Chapter 7 discharge, and filed a certificate of completion. However, due to his incarceration, Mr. Cox was unable to complete the course. Although the course is available by telephone, his calls must go through a call center, and the calls–even toll-free calls–must be made collect. On October 11, 2007, Debtors filed a motion seeking an exemption for Mr. Cox from the financial management course requirement. The Court held a hearing on the motion on November 16, 2007, and for the following reasons, will deny the motion.

**Conclusions of Law**

Pursuant to § 727(a) the Court must grant a discharge to a Chapter 7 debtor unless one of the exceptions applies. In this case, the relevant exception provides as follows:

> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section

2

> 109(h)(4) or who resides in a district for which the United States trustee ... determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section. ...

11 U.S.C. § 727(a)(11).

Thus, in only two circumstances may a Chapter 7 debtor receive a discharge despite his failure to complete a financial management course: (1) the debtor is "a person described in section 109(h)(4)," or (2) the U.S. Trustee determines the approved courses are inadequate. In this case, the U.S. Trustee has made no such determination. Thus, Mr. Cox must meet the requirements of § 109(h)(4).

Section 109(h) sets forth the prepetition credit-counseling requirements. Under subsection (h)(4), those requirements

> shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h)(4).

Because Mr. Cox is not serving in a military combat zone, he must show incapacity or disability to be relieved of taking the financial management course. Incapacity requires the debtor to have some mental illness or mental deficiency–neither of which is alleged in this case. The question, then, is whether incarceration renders a debtor "disabled" such that he is "so

3

physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing[.]"

The court in In re Rendler, 368 B.R. 1 (Bankr. D. Minn. 2007) considered the question in the context of an incarcerated debtor's failure to obtain a prepetition credit briefing. In that case, the debtor was unable to leave prison to receive an in-person briefing, and he was denied access to a telephone and the Internet, leaving him with no means to obtain the briefing. Id. at 4. The court noted the statute provides, in clear language, three very narrow grounds for exemption from the briefing requirement, none of which apply to incarceration. Id. at 2. "It simply does not permit a debtor to be absolved of the statute's compliance requirements" due to inconvenience to the debtor or "any other consideration that stems from a debtor's personal circumstances, no matter how extreme." Id. at 2-3. Therefore, the court denied the debtor's request for exemption from the credit briefing and dismissed the case. Id. at 4.

In a case with similar facts, In re Vollmer, 361 B.R. 811 (Bankr. E.D. Va. 2007), the court found in favor of the debtor. Like Rendler, the debtor was incarcerated at the time of filing and sought exemption from the prepetition credit briefing requirement because he had no access to telephone or Internet. Id. at 812. The court noted that incarceration does not rise to the level of "disability" required for exemption under § 109(h)(4). Id. at 813. However, the court acted on its own authority to waive both the credit briefing and the financial management course requirements, stating, "the Debtor is truly unable to participate in either the required credit counseling or financial management courses and ... a permanent waiver of both of those requirements is justified in this case." Id. at 814-15 (footnote omitted). In making this decision, the court noted that bankruptcy eligibility requirements, such as the prepetition credit briefing,

4

are not jurisdictional; thus, they may be waived. Id. at 814. However, the court did not explain its authority to waive the financial management course, which is a prerequisite to discharge, rather than an eligibility issue.

The Court agrees with Rendler that an incarcerated debtor is prevented from obtaining a financial management course by his personal circumstances; not by a physical disability. Mr. Cox's restrictions are imposed by the state, not by some physical impairment and, therefore, cannot be the basis of exemption from the financial management course. Furthermore, the Court is not persuaded it has the authority to waive the financial management course requirement in circumstances other than those expressly stated in the Bankruptcy Code.

Even though the Court cannot waive the financial management course requirement for Mr. Cox, Debtors are not without recourse. Ms. Cox's discharge will be unaffected by Mr. Cox's failure to take the course. In addition, when Mr. Cox completes his prison sentence, he may be able to reopen his bankruptcy case, take the financial management course, and file the necessary certificate of completion. Making such a late filing would be dependant on a showing of excusable neglect pursuant to Federal Rules of Bankruptcy Procedure 1007(c) and 9006(b), which is a question for another day.

For the foregoing reasons the Court will deny Debtors' motion to exempt Mr. Cox from the financial management course.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 113G-1           User: mlb              Page 1 of 1            Date Rcvd: Nov 30, 2007
Case: 07-10787                 Form ID: pdfntc        Total Served: 2

The following entities were served by first class mail on Dec 02, 2007.
db            Chad Vincent Cox,    1560 Christopher Cove Rd.,    Albany, GA  31705-7131
db            Denise Lynette Cox,    1560 Christopher Cove Rd.,    Albany, GA  31705-7131

The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 02, 2007**                        Signature: _/s/ Joseph Speetjens_